UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANNA K., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-02568-TWP-MPB |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner | ) |
| for Operations, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ENTRY OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dianna K.[1] requested judicial review of the final decision of the Deputy Commissioner for Operations of the Social Security Administration (the "SSA") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Pursuant to 28 U.S.C § 636(b)(1)(B), the Court referred the matter to the Magistrate Judge, (Filing No. 25), who submitted his Report and Recommendation on June 1, 2018, recommending that the decision of the Deputy Commissioner be affirmed, (Filing No. 28). Dianna K. timely filed an Objection to the Magistrate Judge's Report and Recommendation, (Filing No. 30). For the reasons set forth below, the Court **OVERRULES** Dianna K.'s Objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the decision of the Deputy Commissioner.

### I. PROCEDURAL BACKGROUND

On August 22, 2013, Dianna K. filed an application for DIB, alleging a disability onset date of April 12, 2013. (Filing No. 16-2 at 13.) Her application was initially denied on October

---

[1] In an attempt to protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

30, 2013, (Filing No. 16-4 at 4) and upon reconsideration on February 4, 2014, (Filing No. 16-4 at 14). Administrative Law Judge John Pope (the "ALJ") held a hearing on July 14, 2015, at which Dianna K., represented by counsel, and a vocational expert, Ron Malleck, appeared and testified. (Filing No. 16-2 at 29–98.) On January 15, 2016, the ALJ issued a decision concluding that Dianna K. was not entitled to receive DIB. (Filing No. 16-2 at 10.) The Appeals Council granted review, but adopted the ALJ's findings in all material respects pertaining to this appeal and issued notice of an unfavorable decision on June 23, 2017.[2] (Filing No. 16-2 at 2.) On July 31, 2017, Dianna K. timely filed this civil action, asking the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Deputy Commissioner denying her benefits. (Filing No. 1.)

## II. LEGAL STANDARD

"A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). After a Magistrate Judge makes a Report and Recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" with respect to dispositive motions. 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

---

[2] The Appeal Council found that Dianna K.'s date last insured was actually September 30, 2016, based on Dianna K.'s recorded earnings at the time of their decision, but otherwise adopted the ALJ's findings. (Filing No. 16-2 at 6.)

2

# III. DISABILITY AND STANDARD OF REVIEW

Under the Social Security Act, a claimant may be entitled to benefits only after she establishes that she is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Deputy Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled despite her medical condition and other factors. 20 C.F.R. § 404.1520(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that also meets the durational requirement, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Deputy Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then her residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can

still do despite [her] mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p).  At step four, if the claimant is able to perform her past relevant work, she is not disabled.  20 C.F.R. § 404.1520(a)(4)(iv).  At the fifth and final step, it must be determined whether the claimant can perform any other work, given her RFC and considering her age, education, and past work experience.  20 C.F.R. § 404.1520(a)(4)(v).  The claimant is not disabled if she can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process.  42 U.S.C. § 423(d)(2)(B).  The burden of proof is on the claimant for the first four steps; it then shifts to the Deputy Commissioner for the fifth step.  *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision.  *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted).  For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*. (quotation omitted).  Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft*, 539 F.3d at 678, this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong."  *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Barnett*, 381 F.3d at 668.  When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).  An

award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## IV. FACTUAL BACKGROUND

Dianna K. was 49 years of age at the time she applied for DIB. (Filing No. 16-5 at 4.) She has completed four or more years of college education and previously worked as a home health care nurse and insurance broker. (Filing No. 16-6 at 15.)[3]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Dianna K. was not disabled. (Filing No. 16-2 at 22.) At step one, the ALJ found that Dianna K. had not engaged in substantial gainful activity[4] since April 12, 2013, the alleged onset date. (Filing No. 16-2 at 15.) At step two, the ALJ found that she had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, scoliosis, and carpal tunnel syndrome. (Filing No. 16-2 at 15.) At step three, the ALJ found that she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (Filing No. 16-2 at 16.) After step three but before step four, the ALJ found that she had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) except she can lift/carry twenty pounds occasionally, ten pounds frequently; sit six hours and stand/walk six hours in an eight-hour day; occasionally climb, balance, stoop, kneel, crouch, and crawl; and only frequent fingering.

---

[3] The relevant evidence of record is amply set forth in the parties' briefs, as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[4] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

([Filing No. 16-2 at 16](#).) At step four, the ALJ concluded, relying on the testimony of the vocational expert and considering Dianna K.'s RFC, that she was capable of performing her past relevant work as an insurance broker. ([Filing No. 16-2 at 21](#).)

## V. DISCUSSION

Dianna K. raises six objections to the Magistrate Judge's Report and Recommendation, pointing out various alleged errors of fact or law in the Magistrate Judge's analysis, broadly pertaining to 1) Dr. Doolan's consultative examination report, 2) Dr. Ruiz's reviewing consultant opinion, and 3) the ALJ's discussion of the medical records. The Court will address the objections raised in greater detail, in turn below.

### A.     Dr. Doolan's Consultative Examination Report

In light of Dianna K.'s first objection concerning the applicability of waiver, the Court will begin by detailing the relevant evidence discussed and arguments raised by Dianna K. in support of her appeal, as well as the Deputy Commissioner's relevant arguments in response. In Dianna K.'s initial brief in the broad section labelled "Statement of Material Facts" under the subheading "M.E.R. Documentation of Severe Impairments," she discussed the objective findings of a consultative examination performed by Patrick Doolan, M.D., including specifically that Dianna K. had a limp on the right, limited ability to squat, and limited range of motion throughout her cervical and lumbar spine. ([Filing No. 18 at 9](#)–10 (citing [Filing No. 16-9 at 62](#)–66).) Dianna K. argued generally in her initial brief that the ALJ 1) failed to explain why weight was not afforded Dianna K.'s "treating doctor's opinions," and 2) should not have given deference to the reviewing consultants' opinions. ([Filing No. 18 at 11](#)–13.) Dianna K. did not specifically identify a single medical opinion, let alone an opinion attributable to Dr. Doolan at any point in the broad "analysis"

section of her initial brief, either in connection with the above potentially relevant argument or otherwise. *See* (Filing No. 18 at 10–19.)

The Deputy Commissioner argued in her response brief that Dianna K.'s "treating physicians did not provide any opinions regarding Plaintiff's functional limitations or the severity of her impairments, as the ALJ correctly noted." (Filing No. 23 at 8–9 (quoting Filing No. 16-2 at 21 (the ALJ's conclusion, "There are no treating or examining opinions included in the record.")).) The Deputy Commissioner further argued that Dianna K. "does not describe the alleged treating source opinions or include record citations for such opinion, *see* Pl. Br. 12, thereby waiving her perfunctory and undeveloped argument." (Filing No. 23 at 9 (citing *Hernandez v. Cook County Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived.")).)

In her reply, Dianna K. appeared to respond to this argument. "The Commissioner, instead of addressing the deficiency, attacks [Dianna K.] because 'none of her doctors performed a residual functional capacity evaluation.'" (Filing No. 24 at 3.) However, Dianna K. does not identify where the quoted portion actually comes from in the Deputy Commissioner's brief and the Court does not find any such quote. Moreover, the Court does not reads the Deputy Commissioner's brief to argue that the record was deficient because it lacked a treating examination, but rather as described above, that the record lacked a treating opinion. The Court will discuss the definition of a medical opinion in more detail below. However, for purposes of this argument, it's relevant that Dianna K. responded to this "quoted" portion of the Deputy Commissioner's brief by once again summarizing Dr. Doolan's consultative examination findings, again limited only to a discussion of her inability to stoop and reduced range of motion. (Filing No. 24 at 3–4.)

7

The Magistrate Judge observed that the ALJ is required to address the opinion evidence of record. (Filing No. 28 at 6 (citing 20 C.F.R. § 404.1527(c)).) However, the Magistrate Judge found that Dianna K. "did not cite any specific alleged treating source opinions or record citations for such opinions until her reply brief, thus one could conclude that [she] has waived her perfunctory and undeveloped argument." (Filing No. 28 at 6 (citing *Hernandez*, 634 F.3d at 913).) The Magistrate Judge further explained that "[c]ontrary to her opening brief where she argues that the ALJ failed to assign weight to her treating physicians' opinions, in her reply brief, [Dianna K.] only argues the ALJ erred by failing to consider Dr. Patrick Doolan's opinions." (Filing No. 28 at 7 (The Magistrate Judge went on to explain that an independent consultative examination report is not the same thing as a treating source opinion).)

Dianna K. takes issue with the Magistrate Judge's summary in her first objection, accurately noting that she did refer to Dr. Doolan's consultative examination in the facts section of her initial brief. Dianna K. further contends:

> The only reference to Dr. Doolan's findings are in the original brief at page 9, where the objective findings of Dr. Doolan's testing, observation and opinions regarding [Dianna K.'s] limitations (including the lifting and walking restrictions as well as the range of motion) are discussed. There is no reference to Dr. Doolan in [Dianna K.'s] reply brief.

(Filing No. 30 at 1.)

The Court finds that Dianna K. has waived any argument concerning an *opinion* of Dr. Doolan. In *Hernandez*, cited by both the Deputy Commissioner and magistrate judge, the Seventh Circuit held that it "is well established in our precedents that 'skeletal' arguments may be properly treated as waived, *see, e.g., United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991), as may arguments made for the first time in reply briefs, *see, e.g., United States v. Diaz,* 533 F.3d 574, 577 (7th Cir. 2008)." *Hernandez*, 634 F.3d at 913. The Seventh Circuit has applied the underlying

8

authority in *Dunkel* to a social security case, in a highly similar context, where the issue of whether a treating physician's opinion had been properly evaluated was waived because it was not developed in the body of the appeal brief, nor was it even specified what opinion was not properly evaluated. *See Ehrhart v. Sec'y of Health & Human Servs.*, 969 F.2d 534, 537 n. 5 (7th Cir. 1992) (citing *Dunkel,* 927 F.2d at 956). Furthermore, the Seventh Circuit has also held in a social security review decision that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). In the analysis portion of her initial brief dedicated to supporting her argument that the ALJ erred in weighing the *treating opinions* of record, Dianna K. did not identify any such statement that she alleged qualified as a supportive medical opinion, nor did she even specify the potential source of any opinion by naming an actual medical provider. She did mention Dr. Doolan's examination findings both in the facts of her initial brief and later in her reply brief, but beyond the fact a consultative examiner does not have a treating relationship with the examinee, Dianna K. did not identify any portion of those findings as a qualifying medical opinion. Accordingly, the Court finds the argument to have been waived.

Assuming, *arguendo,* that waiver does not apply, Dianna K.'s next two objections, to whatever degree they could be construed as separate arguments, also concern Dr. Doolan's consultative examination report. Dianna K. takes issue with the Magistrate Judge's finding that Dr. Doolan did not offer a medical opinion, but rather only relayed Dianna K.'s reported functional limitations in the portion of the report where it asked Dr. Doolan to provide a medical source statement. (*See* Filing No. 30 at 1–2.)

The Court adopts the Magistrate Judge's analysis of the issue, finding that Dr. Doolan did not provide a medical opinion as that term is defined in the regulations. (*See* Filing No. 28 at 6–

9

8.) Social Security Regulation 96-8 does require that the "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p (S.S.A. July 2, 1996), 1996 WL 374184 at *7. "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The Court agrees with the Magistrate Judge that the Dr. Doolan did not make a medical judgment about the severity, prognosis, or restrictions that result from Dianna K.'s impairments. (*See* Filing No. 28 at 7–8.) Relevant also to the issue of waiver discussed above, Dianna K. for the first time in her objections identifies as a potential medical opinion that conflicts with the ALJ's RFC that "Dr. Doolan finds she cannot walk over a half block and cannot lift or carry over five pounds." (Filing No. 30 at 2.) However, the restrictions described in the report are expressly reciting Dianna K.'s own reported limitations. (Filing No. 16-9 at 62 ("Patient has neck brace ion [sic] and reports she can not walk over ½ blk and can not lift or carry over 5 lbs.").) Moreover, the ALJ did summarize the clinical findings of the examination in detail, including the reduced range of motion, reduced ability to squat, and the observed limp, before concluding that "Dr. Doolan did not provide an opinion regarding the claimant's physical functional limitations." (Filing No. 16-2 at 20.) The Seventh Circuit has noted that when a medical source's "findings are equivocal and therefore not particularly supportive of either side in this controversy," and the medical source has "failed to venture an opinion as to the extent of [the claimant's] limitations or as to his residual capabilities, the evidentiary usefulness of his findings is slight, at best." *Books v. Chater*, 91 F.3d 972, 978

(7th Cir. 1996). The Court finds the ALJ's conclusion supported by substantial evidence that Dr. Doolan did not offer a medical opinion.

B.      **Dr. Ruiz's Reviewing Consultant Opinion**

Dianna K.'s fourth objection contends that the Magistrate Judge engaged in "theory speculation" in analyzing the evidence of record pertaining to a consultant reviewing assessment of Dr. Ruiz. (Filing No. 30 at 2–3.) The Court does not recognize the term "theory speculation," nor does Dianna K. provide any authority clarifying the term. Regardless, the Court adopts the Magistrate Judge's analysis of Dr. Ruiz's opinion. (*See* Filing No. 28 at 8–12.)

The ALJ gave "great weight" to the findings of the state agency consultant at the reconsideration level noting that the opinion was "generally consistent" with the ALJ's RFC finding. (Filing No. 16-2 at 21.) However, the ALJ included an additional restriction of frequent fingering based on the updated evidence following that review. *Id*.

In her initial brief, Dianna K. argued that in contrast to discounting unidentified treating opinions, the ALJ did not provide a logical bridge from the evidence to his conclusions, because he gave "controlling weight" to a state agency reviewing opinion that was "admittedly based on insufficient evidence" and also was rendered prior to the submission of updated medical evidence. (Filing No. 18 at 12–13 (quoting Filing No. 16-3 at 12 ("There is insufficient evidence to evaluate the claim.")).)

The Magistrate Judge observed that at the initial administrative review level, Dr. Eskonen did not provide an RFC assessment, indicating that Dianna K. had not returned forms sought in evaluation of her claim and concluding there was "insufficient evidence to evaluate the claim." (Filing No. 28 at 8–9 (citing Filing No. 16-3 at 4–6).) The Magistrate Judge further observed that although the form at the reconsideration level repeated the phrase concerning insufficient evidence,

11

"it appears to be left over from Dr. Eskonen's original comments" as Dr. Ruiz did provide an RFC assessment and specifically cited the evidence he relied upon to support his conclusions. (Filing No. 28 at 9.) The Court agrees with the Magistrate Judge's reading of the evidence. The administrative reconsideration report specified the evidence that had been received at the time of Dr. Ruiz's review, (Filing No. 16-3 at 10–12), and Dr. Ruiz supported his assessment with reference to Dr. Doolan's consultative examination findings, (*see* Filing No. 16-3 at 14). When reviewed in its entirety, the Court does not find the report to support Dianna K.'s interpretation that there was insufficient evidence for Dr. Ruiz to form a medical opinion.

Dianna K.'s best argument is that the ALJ should not have relied on the assessment in light of the updated medical evidence. However, the Court finds the argument unavailing in this instance for several reasons. First, the ALJ did add additional manipulative restrictions because of the updated evidence, as noted above. Second, while Dianna K. conclusively asserts that the reliance was improper, she fails to develop the argument by demonstrating how the updated evidence supported any specific restrictions that were not credited. (*See* Filing No. 18 at 12–13). "But we cannot reasonably expect an ALJ to 'intuit' a functional limitation from the whole record, nor can we look at the record anew to draw one out. [The claimant] bears the burden of showing that she had impairments that affected her ability to work." *Richards v. Berryhill*, --- Fed.Appx. ----, 2018 WL 3853525, at *4 (7th Cir. Aug. 13, 2018) (citing *Scheck v. Barnhart,* 357 F.3d 697, 702 (7th Cir. 2004)). "More importantly, there is no doctor's opinion contained in the record which indicated greater limitations than those found by the ALJ." *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004). Under these circumstances, the ALJ was entitled to rely on the Dr. Ruiz's assessment to substantially form the basis of the ALJ's RFC finding. *Id.* (citing *Scheck*, 357 F.3d at 700).

## C.     The ALJ's Discussion of the Medical Records

Dianna K.'s final two objections involve 1) her argument that there is a distinction between the ALJ reciting information from the records and providing a cogent analysis of those records and 2) that this argument was properly raised in her initial brief. (Filing No. 30 at 3.) To whatever extent the argument has been raised, the Court does not find it supportive of remand. Dianna K. abandons her prior claim, which does appear unsubstantiated, that the ALJ ignored important evidence of record, (*see* Filing No. 18 at 18), and instead takes issue with the ALJ's analysis of the evidence that was discussed. To determine whether substantial evidence exists, the Court reviews the record as a whole but is not allowed to substitute its judgment for the ALJ's "by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Williams v. Apfel*, 179 F.3d 1066, 1071–72 (7th Cir. 1999) (internal quotations omitted). While it is true that the ALJ is required to provide a logical bridge from the evidence to his conclusions, the line of argument requires some degree of specificity showing how the analysis was illogical given the foundational evidence, which the Court finds lacking here. *See Craft*, 539 F.3d at 673–79. As noted above, Dianna K. does not develop the basis of contrary functional restrictions. While she cites to objective imaging of her lumbar spine supporting specific diagnoses and reports of pain, (Filing No. 18 at 18), pointing to a diagnosis alone is insufficient to establish the existence of functional limitations, *Schmidt v. Barnhart*, 395 F.3d 737, 745-46 (7th Cir. 2005). Moreover, Dianna K. has abandoned any claim that the ALJ did not properly evaluate her credibility, including as it pertains to her subjective pain symptoms, by not raising a relevant objection to the Magistrate Judge's reasoned analysis of the issue. The Court adopts the Magistrate Judge's credibility analysis without the need for further comment.

## VI. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Dianna K.'s Objection ([Filing No. 30](Filing No. 30)) and **ADOPTS** the Magistrate Judge's Report and Recommendation, ([Filing No. 28](Filing No. 28)), **AFFIRMING** the decision of the Deputy Commissioner.

**SO ORDERED.**

Date: 9/24/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John P. Young
YOUNG & YOUNG
john@youngandyoungin.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov